UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDEBERG,

                            Plaintiff,

            -against-

THE UNITED KINGDOM AND ALL THE
BRITISH PEOPLE AS SECONDARY,

                            Defendants.

25-CV-8225 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated November 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's complaint contains the following facts.[1]

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Today, Sept 26, 2025, every British person residing in the U.S. has agreed to participate, cooperate, effectuate and potisitively insure that they accomplish something deemed necessary to force Donna L. Friedeberg, plaintiff to become a prostitute to serve all the U.S. British men. They are actively conspiring to follow, chase, corner, or trap her so that with a stun gun they can and will cut the tendons in both legs leaving her a cripple, unable to walk so that the only way she can go anywhere is to be carried by sex demanding men, placed in a vehicle to be able to be transported to a destination of their, not her choice. The Emperor of Japan needs this presented to the U.S. federal court as proof that the British, now, by this conspiracy, seen by Japan as the most EVIL race on earth, to be treated as such by all million Japanese/Chinese psychiatrists and to be made to pay for the loving benevolent, very beneficial treatment that made them all look like worthy royals for the past 500 years and to establish by court record of this case for all future history that it is also proof, solid evidence, and all the indication needed to hold the British race and country responsible for the creation, unjust and a crime against nature of using low-sex drive women in their ever present need to be treated and made rich enough to be royal.

(ECF 1 at 1-2.)

The complaint contains other allegations that are similar to those set forth above.

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations regarding a conspiracy among "every British person residing in the U.S." (ECF 1 at 1), rise to the level of the irrational, and there is no legal theory on which she may rely. *See Livingston*, 141

2

F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i). In deference to Plaintiff's *pro se* status, the Court would normally direct

Plaintiff to amend her complaint, but the Court finds that the complaint cannot be cured with an

amendment. Where an amendment would be futile, leave to amend is not required. *Hill v.

Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the

substance of the claim pleaded is frivolous on its face").

## ORDER TO SHOW CAUSE

A review of Public Access to Court Electronic Records ("PACER") shows that Plaintiff

has filed upwards of 30 *pro se* civil actions in this and other courts, all of which have been

dismissed for substantive or procedural deficiencies. The court has previously warned Plaintiff

that a filing injunction could be imposed against her if she continued to engage in continued

frivolous litigation in this district. *See Friedeberg v. Ortho Group,* No. 25-CV-4049 (LLS), 2025

WL 2531354, at *2 (S.D.N.Y. Sept. 2, 2025) (dismissing civil action as frivolous, listing

litigation history, and issuing warning); *Friedeberg v. Share Info Consultant Serv. LLC,* No. 25-

CV-3999 (LLS) (S.D.N.Y. June 25, 2025) (same); *Friedeberg v. Kates*, No. 16-CV-9759 (CM)

(S.D.N.Y. Jan. 31, 2017) (same); *Friedeberg v. Harvard Univ.*, No. 16-CV-9670 (CM) (S.D.N.Y.

Jan. 20, 2017) (dismissing complaint as frivolous and for lack of subject matter jurisdiction).

In light of this litigation history, the Court orders Plaintiff to show cause why the Court

should not bar her from filing any further civil actions in this court IFP without first obtaining

permission from the court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d

Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not

impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and

an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to

the court a declaration setting forth good cause why the Court should not impose the abovementioned filing injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, the Court will impose the abovementioned filing injunction upon her. **Should the Court issue a bar order, it will take effect as of the date of this order**.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court grants Plaintiff 30 days to show cause by declaration why the Court should not bar Plaintiff from filing any future civil action in this court IFP without prior permission. A declaration form is attached to this order. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, the Court will bar Plaintiff from filing any further civil action in this court IFP unless she first obtains permission from this court to do so. Should the Court issue a bar order, it will take effect as of the date of this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 13, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-                           Case No. _____ CV _____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____               _____
Executed on (date)                      Signature

_____        _____
Name                                    Prison Identification # (if incarcerated)

_____        _____|_____|_____
Address                                 City               State       Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)